IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT DeFEBBO**,

    Plaintiff,

vs.                                              No. CIV 05-400 MCA/RHS

**WALGREEN HASTINGS CO.**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant's Motion for Summary Judgment* [Doc. 23] filed on September 23, 2005. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that there are no disputed issues of material fact and that Defendant is entitled to summary judgment as a matter of law. Therefore, Defendant's motion is granted and this action is dismissed with prejudice.

**I.      BACKGROUND**

The history of this litigation is set forth in the Court's *Memorandum Opinion and Order* [Doc. 20] filed on August 25, 2005. After that date, the Court entered an *Initial Pretrial Report* [Doc. 21] setting case-management deadlines, and Defendant moved for summary judgment. [Doc. 23.]

The grounds for Defendant's motion are that Plaintiff Robert DeFebbo cannot prove the elements of causation or damages that are essential to his claim because he has identified no relevant and reliable medical evidence to support these elements. The Court's *Memorandum Opinion and Order* [Doc. 20] filed on August 25, 2005, prohibits Plaintiff from appearing as a witness or using his own testimony as evidence for the purpose of proving these elements due to his false or misleading deposition testimony about the nature and extent of his pre-existing medical conditions.

In response to Defendant's motion, Plaintiff asserts that the medical records of his treating physicians are enough to create a disputed issue of material fact concerning the elements of causation and damages. Specifically, Plaintiff points to the medical records authored by Dr. Gibula, Hinds, Mitnik, and McCutcheon, excerpts of which are attached to Plaintiff's response brief. [Ex. 2, 3 to Doc. 26.] Plaintiff also continues to deny that his deposition testimony was false or misleading, and he attaches an excerpt of this deposition testimony to his response brief. [Ex. 1 to Doc. 26.] In the event these materials are insufficient to defeat Defendant's motion, Plaintiff requests more time.

The deadline for completing discovery expired on November 1, 2005, and no discovery motions were filed by the motions deadline of November 10, 2005. [Doc. 21.] On November 7, 2005, Defendant filed a reply brief asserting that the medical records on which Plaintiff relies consist of unsworn hearsay statements that are not admissible for purposes of contesting a summary-judgment motion and do not meet the requirements for admission of expert testimony under the Federal Rules of Evidence. Plaintiff has not

-2-

submitted a timely affidavit under Fed. R. Civ. P. 56(f) indicating when any anticipated testimony of his treating physicians could be presented in admissible form.

## II.    ANALYSIS

Under Fed. R. Civ. P. 56(c), the Court may enter summary judgment when the motion papers, affidavits, and other evidence submitted by the parties show that no genuine issue exists as to any material fact, and that the moving party is entitled to judgment as a matter of law.  A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party as to that issue.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986).  A fact is "material" if it might affect the outcome of the case.  See id. at 248.  Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir. 1998).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial (although they do not necessarily need to be presented in a form admissible at trial).  See Celotex, 477 U.S. at 324. "To survive summary judgment, 'nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.'"  Murray v. City of Sapulpa, 45 F.3d 1417, 1422 (10th Cir. 1995) (quoting Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir.1991)).  Thus,

"[h]earsay testimony cannot be considered" in ruling on a summary-judgment motion. Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995); see also Starr v. Pearle Vision, Inc., 54 F.3d 1548, 1555 (10th Cir. 1995) (applying this rule to inadmissible hearsay testimony in depositions).

Apart from such limitations imposed by the Federal Rules of Evidence, it is not the Court's role to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment. Rather, the court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

In this case, Plaintiff's *Amended Complaint* asserts a claim for negligence against Defendant arising from an incident in which Plaintiff allegedly tripped and fell in one of Defendant's stores in Rio Rancho, New Mexico. Under New Mexico law, "a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." Herrera v. Quality Pontiac, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 73 P.3d 181; see, e.g., Hull v. Feinstein, 2003-NMCA-052, ¶ 14, 133 N.M. 531, 65 P.3d 266 (applying these elements to a trip-and-fall case). Thus, causation and damages are essential elements of Plaintiff's negligence claim.

To support his contention that there are disputed issues of material fact which preclude summary judgment on his negligence claim, Plaintiff has attached three exhibits to his response brief. Exhibit 1 consists of his own deposition testimony which is inadmissible for purposes of proving the elements of causation or damages pursuant to the sanctions imposed by the Court's *Memorandum Opinion and Order* [Doc. 20] of August 25, 2005.

Exhibits 2 and 3 appear to consist of medical records associated with some of the physicians who treated Plaintiff after his fall in Defendant's store on November 3, 2003. These exhibits are not submitted with a supporting affidavit, and the statements therein are unsworn. Such unsworn statements by a party's proposed expert "'do[ ] not meet the requirements of Fed. Rule Civ. Proc. 56(e)' and cannot be considered by a district court in ruling on a summary judgment motion." Carr v. Tatangelo, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003) (quoting Adickes v. S.J. Kress & Co., 398 U.S. 144, 158 n.17 (1970)); accord Fowle v. C & C Cola, 868 F.2d 59, 67 (3d Cir. 1989); see Sofford v. Schindler Elevator Corp., 954 F. Supp. 1459, 1462-63 (D. Colo. 1997) (collecting cases); cf. Stuart v. Gen. Motors Corp., 217 F.3d 621, 635 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Fed.R.Civ.P. 56(e)."). It follows that Plaintiff has presented no admissible evidence to create a genuine issue of material fact that would preclude summary judgment at this juncture.

The Court notes that the letter from Defendant's proposed expert attached to its motion for summary judgment also is unsworn and, therefore, may be inadmissible for the same reasons articulated above. [Ex. A to Doc. 23.] The inadmissibility of the letter from Defendant's proposed expert does not preclude summary judgment, however, because Fed. R. Civ. P. 56 does not impose an evidentiary burden on Defendant to refute Plaintiff's claim at this juncture. Rather, Defendant may simply point to the absence of admissible evidence in Plaintiff's favor--namely Plaintiff's failure to identify any expert testimony to support the elements of causation or damages. See Celotex Corp., 477 U.S. at 322-23; Adler, 144 F.3d at 670-71.

The Court also notes that Defendant previously attached copies of some of Plaintiff's medical records to its *Motion to Dismiss*. [Ex. B to Doc. 10.] Such medical records have no bearing on Defendant's *Motion for Summary Judgment* because they were tendered for an entirely different purpose, namely to show the existence of Plaintiff's prior medical conditions, and Plaintiff did not dispute the accuracy, authenticity, or admissibility of the medical records Defendant offered for that specific purpose. [Doc. 14, 20.] In contrast, the medical records submitted by Plaintiff in response to Defendant's *Motion for Summary Judgment* are offered for the purpose of proving the elements of causation and damages, and Defendant vigorously disputes their admissibility for this purpose. [Doc. 23, 27.]

Even if the Court were to overlook the fact that the exhibits in question consist of unsworn statements without a supporting affidavit, they still fail to create a disputed issue of material fact concerning the elements of causation or damages because they fall far short

of the threshold requirements of relevance and reliability that an expert opinion must meet in order to be admissible under Fed. R. Evid. 702. See Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999); Daubert v. Merrell-Dow Pharm., Inc., 509 U.S. 579, 592-93 (1993). At best, these medical records show that Plaintiff reported to some of his physicians that he fell and injured himself in Defendant's store, and that some of these physicians provided him with medical treatment after Plaintiff made these reports. Given the lack of close temporal proximity between the date of the fall and the date of the medical records, as well as the numerous other pre-existing medical conditions documented in these medical records, there is no relevant or reliable basis for drawing the conclusion that the injuries observed or documented by his physicians were in fact causally related to his fall in Defendant's store.

The Tenth Circuit has noted that: "Although it is not always a straightforward exercise to disaggregate method and conclusion, when the conclusion simply does not follow from the data, a district court is free to determine that an impermissible analytical gap exists between premises and conclusion." Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1233 (10th Cir.2004) (citing General Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)). Such an analytical gap is present in the medical records Plaintiff has tendered in this case because they do not lay out the intermediate steps in the physicians' reasoning which would lead them to conclude that Plaintiff's account of his fall was accurate and that the injuries for which he subsequently received treatment were in fact caused by the fall (as opposed to other pre-existing medical conditions).

In response to Defendant's *Motion for Summary Judgment*, Plaintiff asks the Court to infer that this analytical gap could be filled in by the treating physicians at a later time if the case went to trial. I conclude that it is not reasonable to make such an inference at this juncture in light of the considerations noted above. If Plaintiff contemplated obtaining additional evidence from his treating physicians to support his negligence claim, he could have filed an affidavit pursuant to Fed. R. Civ. P. 56(f) notifying the Court of when he expected such additional evidence to become available, or he could have moved to extend or modify the discovery deadlines set forth in the *Initial Pretrial Report* pursuant to Fed. R. Civ. P. 16(b). Plaintiff has not done so in a timely manner in accordance with these rules, and therefore Defendant is entitled to summary judgment.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff has failed to come forward with admissible evidence concerning the elements of causation and damages which are essential to his negligence claim, and therefore Defendant is entitled to summary judgment.

**IT IS, THEREFORE, ORDERED** that *Defendant's Motion for Summary Judgment* [Doc. 23] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** as to all parties and all claims.

**SO ORDERED** this 20th day of December, 2005, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**